**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDON MCCLEERY, | No. 15-35034 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-01424-SU |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted March 25, 2016[**]
San Francisco, California

Before:  D.W. NELSON, GRABER, and WATFORD, Circuit Judges.

Claimant Brandon McCleery appeals the district court's decision affirming

the Commissioner of Social Security's denial of Claimant's application for

disability insurance benefits and supplemental security income under Titles II and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. At step four of the sequential evaluation process, the administrative law judge ("ALJ") determined that Claimant could perform his past relevant work as a sales attendant, cashier/checker, and customer service clerk. Reviewing the district court's decision de novo, Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012), we affirm.

The ALJ's observation that physician assistant Terry Jones "provided no supporting diagnostic or objective evidence to support his assessment" that Claimant had a residual functional capacity ("RFC") for less than sedentary work constitutes a "germane" reason for discounting Jones' July 2011 opinion. Id. at 1111. Jones' notes do not reflect or refer to objective medical findings that would support the specific functional limitation that he identified. The ALJ was not required to address separately each of Jones' other statements reflecting his opinion that Claimant was unable to work. Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012).

The ALJ provided specific, clear, and convincing reasons for finding Claimant's testimony less than fully credible. First, the ALJ properly observed that Claimant's treatment history suggested that he was not as limited as he alleged. Molina, 674 F.3d at 1113. For example, the ALJ noted that Claimant's headaches had improved, and he reasonably concluded that Claimant's failure to

2

pursue alternative treatment for his headaches suggested that Claimant's impairments were not as severe as he had alleged. Id. Second, the ALJ properly considered an examining physician's opinion that Claimant made inconsistent statements in providing his history and that Claimant's reports of his pain were likely exaggerated. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). Third, the ALJ properly considered the lack of objective medical evidence supporting the severity of symptoms that Claimant reported. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

**AFFIRMED.**